UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARY KATHERINE LATIOLAIS** | CIVIL ACTION NO.: 6:22-cv-477 |
| VERSUS | |
| **SUN LIFE ASSURANCE COMPANY OF CANADA** | |

# COMPLAINT

## I.  PARTIES

1. Plaintiff, **Mary Katherine Latiolais**, is a person of the full age of majority, and a resident of the Parish of St. Landry, State of Louisiana.

2. Defendant, **Sun Life Assurance Company of Canada** ("**Sun Life**"), is a foreign corporation authorized to do and doing business in the State of Louisiana in this judicial district.

## II.  JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this suit involves questions of federal law, namely the Employee Retirement Income Security Act of 1974 ("ERISA").

4. Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred in this district.

## III.  FACTS & ALLEGATIONS

5. Plaintiff at all material times was employed by Opelousas General Health System (not a defendant) and a beneficiary and participant in its employee benefits plan ("the Plan"), administered for participating employees in the state of Louisiana and elsewhere.

6. Defendant, **Sun Life**, acted at all relevant times as a fiduciary of the Plan by virtue of being under contract with Opelousas General Health System and the Plan to insure the Plan and provide certain claims administration services relevant here.

7. Defendant, **Sun Life**, insured the Plan and Plaintiff as beneficiary for all benefits at issue herein through an insurance policy ("the Policy").

8. Among other benefits, the Plan and the Policy provided Plaintiff with long term disability benefits.

9. Beginning October 2018, Plaintiff became, remains, and will continue permanently to be, disabled from her own former occupation, as well as any occupation, as defined by the Plan and the Policy as a result of cancer-caused abnormality of the pelvic region, required medical treatment and medications.

10. Despite receiving overwhelming proof that Plaintiff qualified for benefits under the Plan and the Policy terms, **Sun Life** arbitrarily, capriciously and in breach of its Policy refused to pay benefits that Plaintiff is entitled to receive under the terms of the Plan and the Policy.

11. Plaintiff has exhausted all required administrative remedies prior to filing suit.

12. Plaintiff incurred attorney's fees in order to pursue benefits from the Plan and the Policy.

13. Plaintiff is entitled to judgment awarding benefits owed under the terms of the Plan and the Policy against Defendant **Sun Life**.

14. Plaintiff is entitled to judgment awarding reasonable attorney fees incurred in pursuit of these claims from Defendant **Sun Life**.

**WHEREFORE**, Plaintiff **Mary Katherine Latiolais**, prays for judgment against Defendant, **Sun Life Assurance Company of Canada,** as follows:

1. For all benefits due Plaintiff under terms of the Plan and the Policy, plus appropriate pre- and post-judgment interest;

2. For all reasonable attorney's fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

Respectfully Submitted,

s/J. Price McNamara

_____
**J. PRICE McNAMARA**
Bar Nos: LA 20291 & TX 24084626
10455 Jefferson Highway, Ste. 2B
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-612-6973
price@jpricemcnamara.com
Attorney for Complainant